■ In the Matter of the Claim of MARGARET KNIEF, Respondent, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which found that the claimant has a permanent total disability and awarded benefits for the same. The claimant suffered an accidental injury to her left wrist on October 1, 1962 and on March 17, 1965 the case was closed. Thereafter the case was reopened and the board has found that the claimant now suffers a mental disability denominated as conversion hysteria, which disability is the result of the original accident. The appellants appear to be contesting the award on the theory that the alleged condition of the claimant is a malingering (fraud) and/or that the medical evidence as to causation is insufficient. The issue of malingering is one of fact for the board. Dr. Shands was of the expert opinion that she was not malingering. The facts that the claimant was suffering no physical pain and was physically capable of utilizing the alleged affected disabled member of her body are not determinate of the question of mental illness. As to malingering, the board properly found that the present condition of the claimant was not a deliberate act on her part. The question of causal relationship is supported by substantial evidence. Dr. Shands in his report characterized the accident to the claimant's wrist as causally related to the present situation "to a slight extent". His testimony indicates that the claimant had a predisposition to assuming a mental state whereby she would be disabled and that the accident was "a triggering mechanism and the straw that broke the camel's back". "The precipitating factor [accident] seems to be very minor in importance, but it is unavoidable and inescapable." He further testified that the claimant was totally disabled because of her mental condition. The doctor's expressions as to causality when read in context make it clear that the present condition of the claimant is directly and unequivocally related to the accident. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.

■ In the Matter of the Claim of JEANNE A. LOMBARD, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits because she voluntarily terminated her employment without good cause (Labor Law, § 593, subd. 1, par. [a]). The board has held that claimant, a fashion coordinator but who most recently had been working as a secretary, in quitting her job as a secretary did not terminate her employment for good cause because she desired to return to a job as a fashion coordinator. On the instant record the board could clearly find that claimant was qualified as a secretary, having worked in that position for about a year and thus that her termination of employment was without good cause (*Matter of Levin* [*Catherwood*], 22 A D 2d 286, app. dsmd. 15 N Y 2d 1034; *Matter of Reiger* [*Jofan Maintenance Corp.*], 17 A D 2d 269; *Matter of Sellers* [*Mays, Inc.*], 13 A D 2d 204). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.